GASKINS, J.,
dissenting.
|,I respectfully dissent from the majority’s opinion.
The depositions of Dr. Atchison and Dr. Shahrdar contain contradictory testimony about Silverman’s condition. True, these depositions undeniably contain testimony that supports BJ Services’ and Silverman’s position that Silverman sustained a new, separate injury on March 12, 2009, resulting in a torn ACL. Yet the depositions also contain testimony that the recent accident did not cause further injury to Silver-man’s knee. Treating physician Dr. Atchi-son testified that this is the same injury and that he could not distinguish a worsening. Dr. Shahrdar agreed that there is no objective evidence to show that the accident worsened Silverman’s knee. The trial judge noted that he considered the contradictory testimony, and simply accepted the testimony that was unfavorable to BJ Services and Silverman.
The manifest error standard is used to evaluate the factfinder’s determinations of fact. The majority opinion correctly states this standard and its two-part inquiry. Under the first part of that inquiry, the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact. Moreover, when there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Winford v. Conerly Corp., 2004-1278 (La.3/11/05), 897 So.2d 560. Consequently, I would find the trial court’s decision was not manifestly erroneous. Nor do I find fault with the decision that Weather-ford is responsible for a temporary aggravation of the injury.
On whether Silverman is now unable to work, as opposed to before the accident, Dr. Atchison says in his deposition that it is the continuing instability of Silverman’s knee, and the increased risk of injury, that is the basis for his recommendation that Silverman not work. It is not that Silver-man’s condition is now worse post-accident.
Also, some of Silverman’s statements support the trial court’s decision. Silver-man said that between July 2005 and March 2009, his knee gave out about 50 times (in his deposition, he said 50-100 times). He also testified that every time his knee would go out, it would get worse.
Finding support for the trial court’s decision in the record, I would affirm its decision.